MEAGAN M. NUNEZ, Esq. (State Bar # 268722)
JENNIFER L. VARGA, Esq. (State Bar #292605)
LAW OFFICE OF MEAGAN NUNEZ
3505 Camino Del Rio South, Suite 340
San Diego, CA 92108
Phone: (619) 757-3550
Fax: (619) 269-4991
meagan@sdspecialattorney.com
jennifer@sdspecialattorney.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.W. By and Through his Guardians Ad Litem FELICIA WELLS and GREG WELLS,<br><br>      Plaintiff,<br>Vs.,<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT,<br><br>      Defendant. | Case No.: **'20CV2053 AJB JLB**<br><br>**COMPLAINT FOR REVERSAL OF CALIFORNIA ADMINSTRATIVE HEARINGS ORDER UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT (20 U.S.C. §1415)** |

## INTRODUCTION

1. Plaintiff A.W. by and through her guardians ad litem Felicia Wells and Greg Wells, file this civil action against Defendant San Diego Unified School District ("District"), alleging that Defendant failed to meet its obligations to A.W. under the Individuals With Disabilities Education Improvement Act of

**1**
A.W. v. SAN DIEGO UNIFIED SCHOOL DISTRICT
COMPLAINT FOR REVERSAL OF ORDER

2004 ("IDEA"). Plaintiff contends that the California Office of Administrative Hearings Special Education Division ("OAH") was incorrect in an order dated September 18, 2020 denying Plaintiff's Motion for Stay Put (Plaintiff's Exhibit 1). Plaintiff contends that OAH incorrectly determined that Plaintiff is not entitled to Stay Put placement pending the current dispute.

## JURISDICTION

2. This Court has jurisdiction over the claims in this action under 28 U.S.C. § 1331 in that it arises under the Individuals with Disabilities Education Improvement Act ("IDEA"), as amended, 20 U.S.C. § 1400 et seq. This civil action arises out of the Individuals with Disabilities Education Improvement Act ("IDEA"). 20 U.S.C. §1400 et seq. Subsequently this action is within the original jurisdiction of the federal courts. 20 U.S.C. §1415(i)(3)(A); 28 U.S.C. §1331.

3. Plaintiff is located in San Diego County, which is within the jurisdiction of the Southern District of California. Thus, venue in this court is proper under 20 U.S.C. § 1391(b).

4. This complaint is timely pursuant to Cal. Educ. Code § 56505(k), which states that an appeal of a decision by OAH must be filed within ninety days of the party's receipt of the order. On September 18, 2020, Administrative

Law Judge ("ALJ") Adrienne L. Krikorian denied Plaintiff's Motion for Stay Put. OAH Case No. 2020080641: Order Denying Student's Motion for Stay Put. On September 22, 2020 ALJ Krikorian reaffirmed her denial of Student's Stay Put Motion. OAH Case No. 2020080641: Order Denying Request for Reconsideration (Plaintiff's Exhibit 2). Both of the decisions were served to Plaintiff's counsel on September 18, 2020 and September 22, 2020 respectively.

5. Jurisdiction is expressly vested in this Court pursuant to 20 U.S.C. §1415(i)(3)(B) and 28 U.S.C. § 1331. 3. There is a present and actual controversy between the parties to this action. To the extent required by law, Plaintiffs have exhausted their administrative remedies as to the issues in this litigation.

## **PARTIES**

6. Plaintiff A.W. ("Plaintiff" or "Student") is a citizen of the United States who lives within the boundaries of the San Diego Unified School District. Student and her parents reside in San Diego County within the boundaries of the San Diego Unified School District. The full name of A.W. is known to the Defendant and is disclosed in the Petition for Guardian Ad Litem filed concurrently with this complaint.

7. Plaintiff FELICIA WELLS ("Plaintiff" or "Parent") is the mother of Student. Parent is a citizen of the United States who resides in San Diego County within the boundaries of the San Diego Unified School District.

8. Plaintiff GREG WELLS ("Plaintiff" or "Parent") is the father of Student. Parent is a citizen of the United States who resides in San Diego County within the boundaries of the San Diego Unified School District.

9. Defendant SAN DIEGO UNIFIED SCHOOL DISTRICT ("Defendant") is a public school district located in San Diego County and organized under the appropriate laws of the State of California. Defendant is the Local Education Agency ("LEA") responsible for providing Student with Free Appropriate Public Education ("FAPE") under IDEA and the California Education Code.

## FACTUAL AND PROCEDURAL BACKGROUND

10. Plaintiff is a thirteen-year-old girl who has been diagnosed with FOX G1 deletion which is associated with intellectual disability, microcephaly, jerky movements, and an absence of language. Plaintiff also has cerebral palsy, strabismus, and gastroesophageal reflux disease. Plaintiff is nonverbal and will bite her left arm and wrist when she becomes frustrated. Plaintiff is unable to walk on her own and uses a wheelchair. She requires assistance to walk from room to room or to transfer to different positions.

11. Plaintiff's most recent Individual Education Program ("IEP") is dated January 13, 2020. Pursuant to this IEP Plaintiff received (in relevant part) Supplemental Support for six hours per day every school day "to support her physical/ self-care needs and physical assistance to access her educational program." Plaintiff's Parents consented to the January 13, 2020 IEP.

12. In March 2020 the District closed for in-person learning due to the COVID -19 pandemic. Since that time Plaintiff has not been provided with supplemental support for six hours per day.

13. Plaintiff cannot attend to virtual learning without someone sitting beside her constantly. Whenever Parent attempts to assist Student in a Zoom learning session with Student and Student's teacher, Student screams and bites herself. Student may put anything within reach into her mouth which makes her a choking risk requiring constant supervision.

14. Plaintiff and Plaintiff's sister are at high risk for developing serious symptoms of COVID. Plaintiff cannot return to on-site learning until she has been cleared by her doctor.

15. On August 21, 2020 Plaintiff filed her Request for Due Process.

16. On September 10, 2020 Plaintiff filed her Motion for Stay Put.

17. OAH denied Plaintiff's Motion for Stay Put on September 18, 2020.

18. Plaintiff filed a Motion for Reconsideration on September 18, 2020.

19. OAH denied Plaintiff's Motion for Reconsideration on September 22, 2020.

## CLAIMS FOR RELIEF - COUNT ONE

20. U.S.C. § 1415(j)(2) provides: "Except as provided in subsection (k)(4) [concerning student disciplinary proceedings], during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child . . ." 34 C.F.R. § 300.518(a) provides: "(a) Except as provided in . . . [the regulation concerning student disciplinary proceedings], during the pendency of any administrative or judicial proceeding regarding . . . [a request for a due process hearing], unless the State or local agency and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement."

21. Cal. Ed. Code § 56505, subdivision (d), provides: ". . . [D]uring the pendency of the hearing proceedings, including the actual state-level hearing, or judicial proceeding regarding a due process hearing, the pupil shall remain in his or her present placement, except as provided in . . . [the federal regulation concerning student disciplinary proceedings], unless the public agency and the parent or guardian agree otherwise. . ." The provisions of 20 U.S.C. § 1415(j) and Cal. Ed. Code § 56505(d), are referred to as "stay put." The

purpose of stay put is to maintain the status quo of the student's educational program pending resolution of The provisions of 20 U.S.C. § 1415(j) and Cal. Ed. Code § 56505(d), are referred to as "stay put." The purpose of stay put is to maintain the status quo of the student's educational program pending resolution of the due process hearing. (*Stacey G. v. Pasadena Independent School Dist.*, 695 F.2d 949, 953 (5th Cir. 1983); In re John K., 170 Cal.App.3d 783, 791 (1985). For purposes of stay put, a student's current educational placement is typically the placement described in the child's most recently implemented Individualized Education Program (IEP). (*Johnson v. Special Educ. Hearing Office*, 287 F.3d 1176, 1180 (9th Cir. 2002); *Thomas v. Cincinnati Bd. of Educ.*, 918 F.2d 618, 625 (6th Cir. 1990). If it is not possible for the new district to implement the last agreed-upon IEP, the district must approximate the student's old IEP as closely as possible. (*Ms. S. ex rel. v. Vashon Island Sch. Dist.*, 337 F.3d 1115, 1134 (9th Cir. 2003).

22. On April 9, 2020 the California Department of Education ("CDE") issued guidance stating that during the COVID-19 Pandemic "LEAs may need to provide certain supports and services to individual students in-person in order to maintain students' mental/physical health and safety for the purpose of supporting the student in accessing the alternative options for learning being

offered." (*Providing In-Person Specialized Supports and Services to Students with Disabilities* https://www.cde.ca.gov/ls/he/hn/specialedcovid19guidance.asp (last visited October 16, 2020.) CDE explained that these service providers would be categorized as "Essential Critical Infrastructure Workers." (*Ibid*.) If an individualized determination indicates the student would require in-person supports to maintain their health and safety and support their access to their education, then a district may provide in-person services. (*Ibid*.)

23. On April 24, 2020 U.S. Secretary of Education Betsy Devos declined to recommend that Congress pass any additional waivers regarding the provision of a free appropriate public education ("FAPE") during COVID. *Secretary DeVos Reiterates Learning Must Continue for All Students, Declines to Seek Congressional Waivers to FAPE, LRE Requirements of IDEA* https://sites.ed.gov/idea/secretary-devos-declines-to-seek-congressional-fape-lre-waivers-to-idea-requirements (last visited October 16, 2020). The U.S. Department of Education emphasized that "there is no reason that a student's access to FAPE cannot continue online, through distance education or other alternative strategies." (*Ibid.*)

**8**
A.W. v. SAN DIEGO UNIFIED SCHOOL DISTRICT
COMPLAINT FOR REVERSAL OF ORDER

24. At the time Plaintiff filed her Due Process Request, Student's last-agreed upon and implemented placement included supplemental support for six hours per day.

25. Plaintiff qualifies for an exemption under CDE's April 9, 2020 guidance to allow District to provide Plaintiff's stay put as closely as possible to the services provided in Plaintiff's January 13, 2020 IEP. The stay put placement which most closely resembles the services in Plaintiff's January 13, 2020 IEP is in-person services in Plaintiff's home.

26. Plaintiff is entitled to implementation of her last agreed-upon and implemented IEP during the pendency of the current dispute and seeks injunctive relief requiring the District to immediately implement her "stay put" placement by providing Plaintiff with an in-home Supplemental Support for six hours per day for the duration of the dispute.

27. The Order Denying Student's Motion for Stay Put improperly concluded that Plaintiff was not entitled to Stay Put. Moreover, the Order Denying the Motion for Reconsideration also improperly concluded that Plaintiff was not entitled to Stay Put. These conclusions were unsupported by the IDEA, its regulations and controlling case law. The failures were without proper justification and constituted an abuse of discretion on the part of the ALJ.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Issue a preliminary injunction requiring Defendant to immediately implement Plaintiff's last agreed-upon and implemented IEP by providing Plaintiff with in-home Supplemental Support for six hours per day for the duration of the dispute;

2. Reverse OAH's Orders denying Plaintiff Stay Put;

3. Award Plaintiff her attorney's fees and costs; and

4. Award such other relief as the Court may deem appropriate.

Dated October 19, 2020

Respectfully Submitted by:        LAW OFFICE OF MEAGAN NUNEZ

By: S/Meagan Nunez
Meagan M. Nunez

Attorney for Plaintiff
E-mail: meagan@sdspecialattorney.com


By: S/Jennifer Varga
Jennifer L. Varga

Attorney for Plaintiff
E-mail: jennifer@sdspecialattorney.com